Edward M. O’Gorman, J.
This is a proceeding brought pursuant to the Condemnation Law, wherein the plaintiff seeks *924 to acquire certain lands in the County of Orange to. he used for an electric transmission line. The defendants are the owners in fee of certain lands over which it is proposed to construct the aforesaid transmission line. Pursuant'to authority granted to it by the New York Public Service Commission pursuant to the provisions of the Public Service Law, plaintiff seeks to acquire the fee of the proposed right of way crossing defendants’ land, as well as the fee underlying a buffer zone on each side of the aforesaid right of way.
Briefly stated, the plan for the right of way and the buffer zone had been authorized after hearings held by the Public Service Commissioií as a means of implementing the legislative direction, contained in the preamble to chapter 272 of the Laws of 1970 (which provided an additional article to the Public Service Law), that “ it is essential in the public interest to minimize any adverse effect upon the environment and upon the quality of life of the people of the state which such new facilities might cause.”
The Public Service Commission, in its decision (Opinion No. 72, pp. 69-71) set forth its reasons for extending the area to be taken beyond the boundaries of the 100-foot right of way.
The defendant University Forest Corp., in the proceeding before this court, has made a cross motion pursuant to CPLR 3211 to dismiss so much of the petition as seeks to acquire a fee interest in the property of the defendants. It is the contention of the moving defendant that the Public Service Commission has no statutory authority to grant the right to plaintiff to condemn a fee interest in defendants’ property. Said defendant further contends that the proper interpretation to be placed upon the decision rendered by the Public Service Commission after its hearing is to limit the plaintiff to the right to condemn an easement for the right of way, and that by the modification of its original decision by the Public Service Commission by its Opinion No. 72-A, it limited the right of the plaintiff to condemn more than an easement in the aforesaid buffer zone.
Article VII, which deals with the siting of major utility transmission facilities, was added to the Public Service Law in 1970 (L. 1970, ch. 272). This article requires the condemnor to obtain a- certificate of environmental compatibility and public need, prescribes the procedure which must be followed by a condemnor, specifies the parties to the proceedings, requires the Public Service Commission to conduct a hearing, and *925 requires that commission to render a decision. These provisions are contained in sections 120 through 127 of article VII.
•Sections 128 and 129 govern the manner and the forum in which the determinations of the Public Service Commission may be reviewed by persons claiming to be aggrieved thereby. These two sections provide for an application for a rehearing before the Public Service Commission, provided such application is made within 30 days after the issuance of the commission’s order. The order is thereafter subject to judicial review as provided in subdivision 1 of section 128. The statute is clear that such proceeding for judicial review “ shall be brought in the appellate division of the supreme court of the state in the judicial department embracing the county wherein the proposed facility is located.” Such a proceeding must be initiated by the filing of a petition in the Appellate Division within 30 days after the issuance of the final order by the commission upon the application for a rehearing.
Subdivision 1 of section 128 further provides, ‘‘ The jurisdiction of the appellate division of the supreme court shall be exclusive and its judgment and order shall be final, subject to review by the court of appeals ”. The scope of the review is limited by subdivision 2 of section 128 to the constitutionality of the decision, whether it is supported by substantial evidence, whether it is within the statutory jurisdiction of the commission, whether it was made in accordance with the procedures set forth in article VII, or whether it was arbitrary, capricious or an abuse of discretion.
It would seem clear, therefore, that the objections raised by the defendant University Forest Corp. in this condemnation proceeding are embraced within the categories set forth in subdivision 2 of section 128 and are governed by the requirement that the only court in which they may be reviewed is the Appellate Division, Second Department.
In order to eliminate doubt in this connection, section 129 of the Public Service Law provides that except as permitted by section 128, ‘ ‘ no court of this state shall have jurisdiction to hear or determine any matter, case or controversy concerning any matter which was or could have been determined in a proceeding under this article”.
It would seem, therefore, that plaintiff’s application for the appointment of commissioners of appraisal pursuant to section 24 of the Condemnation Law must be granted.